IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JHONNY PENA, # 25852-034                                                                    PETITIONER

VERSUS                                                 CIVIL ACTION NO. 3:15CV515-DPJ-FKB

WARDEN MOSLEY                                                                              RESPONDENT

ORDER OF DISMISSAL

This matter is before the Court *sua sponte* for consideration of dismissal. *Pro se* Petitioner Jhonny Pena filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [1]. He is incarcerated with the Bureau of Prisons at the Federal Corrections Complex in Yazoo City, Mississippi, and he attacks his sentences for a continuing criminal enterprise causing murder, conspiracy to distribute cocaine, and money laundering. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

I.      Background

On July 20, 2015, Pena filed the instant habeas petition, challenging his sentences handed down from the Eastern District of Louisiana. On December 17, 1997, Pena pled guilty in that court to Count 2 a continuing criminal enterprise causing the intentional killing of Richard Curtis, Count 3 conspiracy to distribute cocaine, and Count 8 money laundering. *United States v. Pena*, 2:97cr145 at *1 (E.D. La. Oct. 22, 2014). The Eastern District of Louisiana sentenced Pena to life imprisonment on Counts 2 and 3, and to 240 months on Count 8. *Id.*

On July 14, 2014, Pena filed a motion to vacate, pursuant to 28 U.S.C. § 2255. *Id.* Pena argued that his sentences on all three counts were illegally enhanced because the trial court based the enhancements on facts found by the judge by a preponderance of the evidence    as opposed

to a jury under the beyond-a-reasonable-doubt standard and because the enhancements were not listed in the indictment. *Id.* at *1-2. Pena relied on *Alleyne v. United States*, 133 S. Ct. 2151 (2013) to support his motion. *Id.* The motion to vacate was denied. *Id.* at *5. Although Pena appealed that denial to the Fifth Circuit Court of Appeals, that court dismissed the appeal for want of prosecution. *United States v. Pena*, 14-31316 (5th Cir. May 28, 2015).

Pena now files a Petition for habeas corpus in this Court, arguing, once again that pursuant to *Alleyne*, his sentences were illegally enhanced by the trial court, based on findings of the use of a dangerous weapon, being a leader or an organizer, knowledge of the use of proceeds of an unlawful activity, and value of funds exceeding $100,000. Pena alleges that these enhancements increased his minimum sentence on the first two counts from 235 months to life imprisonment, and they increased the sentencing range on Count 8 from 46 to 57 months to a range of 235 to 293 months.

II.     Discussion

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). But a motion filed pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Thus, the proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to § 2255. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990). Pena's claims that he was improperly sentenced do not challenge the execution of his federal sentences but instead attack the validity of his federal sentences. Since the alleged constitutional violations "occurred at or prior to sentencing," they are not properly pursued in a

§ 2241 petition.

There is, however, an exception to this rule. "Under the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). To meet the "inadequate or ineffective" test, an inmate:

> must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion.

*Id.* (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)). The inmate bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Pena contends that he meets the requirements to proceed under the savings clause based on his actual innocence of the sentence enhancements for use of a dangerous weapon, being a leader or an organizer, knowledge of the use of proceeds of an unlawful activity, and value of funds exceeding $100,000. But the Fifth Circuit has consistently disallowed sentence enhancement claims under the savings clause. *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). A "claim of actual innocence of a[n] . . . enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *Bradford*, 660 F.3d at 230. Thus, Pena fails the first prong of the *Reyes-Requena* test. *Padilla*, 416 F.3d at 427.

Nothing in *Alleyne* changes this conclusion. *Alleyne* explicitly relied on *Apprendi v. New*

*Jersey*, 530 U.S. 466 (2000) and held that, generally, any fact that increases the mandatory minimum of a sentence must be found by a jury. *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). As the Fifth Circuit has held, "*Apprendi* implicates only the validity of the sentence," it does not establish innocence of the substantive offense. *Wesson*, 305 F.3d at 348. Therefore, such a claim does not satisfy the first prong of the *Reyes-Requena* test. *Id.*

III.    Conclusion

Since Pena's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action for habeas corpus relief pursuant to § 2241.

Accordingly, Pena's claims are not properly pursued under § 2241, and the Petition for habeas relief shall be dismissed as frivolous. Further, to the extent the Petition can be construed as a § 2255 motion, it shall be dismissed for lack of jurisdiction. 28 U.S.C. § 2255(a).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this cause should be and is hereby dismissed with prejudice regarding the jurisdictional issue only and dismissed without prejudice in all other respects. *See Pack*, 218 F.3d at 454. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.[1]

**SO ORDERED AND ADJUDGED** this the 31st day of August, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] A certificate of appealability (COA) is not needed for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241. *See Castro Flores v. Dretke*, 120 F. App'x 537, 538-39 (5th Cir. 2005).